# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:09cr73

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| SCOTTIE W. BURNETT. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss Count Two of the Superseding Bill of Indictment [Doc. 47] and his Motion to Extend Plea Deadline [Doc. 48].

## PROCEDURAL HISTORY

On August 4, 2009, the Defendant was charged with possession of a firearm by a fugitive from justice in violation of 18 U.S.C. §922(g)(2). [Doc. 5]. The Defendant moved to continue the case from the August calendar and his motion was granted. [Doc. 13; Doc. 16]. On October 12, 2009, the Defendant moved for an extension of time within which to file a plea agreement. [Doc. 33]. That motion was granted on October 14, 2009 and

the Defendant was allowed to file a plea agreement on or before October 28, 2009. [Doc. 36]. On October 28, 2009, the Defendant moved for a second extension of time within which to file a plea agreement through November 3, 2009. [Doc. 37]. That motion as well was granted. [Doc. 39]. The Defendant did not file a plea agreement or note his intention to enter into an oral plea agreement on or before November 3, 2009. The Government therefore moved to continue the case from the November term of Court. [Doc. 40]. In that motion, the Government advised that the parties had attempted in good faith to resolve the matter by plea agreement but had been unsuccessful. [Id.]. The Government also advised that on October 28, 2009, it had learned that the Defendant has a prior felony conviction and had immediately notified defense counsel of that conviction, providing a copy thereof. [Id.]. Despite learning of this prior felony conviction, the Defendant did not enter into a plea agreement with the Government. As a result, the Government sought a continuance in order to supersede the bill of indictment to charge a second count involving possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1). [Id.]. The Government advised that the Defendant opposed the motion.

       The Court granted the Government's motion to continue, noting that

the additional count related to the same transaction and events as the original count of the indictment and therefore was properly joined for trial. [Doc. 41]. The Court also noted that the superseding bill of indictment would not simply make minor corrections but would add a new substantive charge stemming from the same facts and circumstances as the existing charge. [Id.]. Citing the need to prevent the Defendant from enduring two trials, among other reasons, the Court granted the continuance. [Id.].

On December 1, 2009, the Government obtained a superseding bill of indictment from the grand jury. [Doc. 42]. The Defendant now moves to dismiss the original charge and to extend the plea deadline.

## DISCUSSION

**The motion to dismiss.**

In the superseding bill of indictment, the Defendant is charged in Count One with being a felon in possession of a firearm on or about August 1, 2009, in violation of 18 U.S.C. §922(g)(1), and in Count Two with being a fugitive in possession of a firearm on or about August 1, 2009, in violation of 18 U.S.C. §922(g)(2). Defendant moves to dismiss the second count, possession of a firearm by a fugitive from justice, claiming that members of his family were told that the charges had been dismissed and

those members so advised the Defendant prior to August 1, 2009. Defendant thus argues that because he did not know that the charges were pending but instead had been told they had been dismissed, the count must be dismissed. This raises an issue of fact for the jury to decide. It is not a basis for dismissal of the charge.

In his second argument the Defendant claims it is "highly prejudicial" for the jury to hear the evidence related to Count Two that he was a fugitive from justice. Such prejudice, he argues, would impact his credibility as a witness before the jury. "Almost all evidence the prosecutor introduces in a criminal case is prejudicial to the defendant because it is intended to help prove guilt." United States v. McFadden, 739 F.2d 149, 153 (4th Cir. 1984), *certiorari denied* 469 U.S. 920, 105 S.Ct. 302, 83 L.Ed.2d 236 (1984). If evidence of a defendant's guilt of the crime with which he is charged is excludable as "prejudicial," then no prosecutions could take place.

Next, the Defendant argues that he was prejudiced by the continuance of the case from the November 2009 term of court because it allowed the Government to supersede the bill of indictment. The continuance, he claims, was granted without "awaiting any response from the defendant." This position overlooks two points. First, the Government advised in its motion that the Defendant opposed a continuance. Thus, the

Court was aware of the Defendant's response.  Second, the Defendant had allowed the plea deadline to pass thus registering his intention to proceed to trial.  The interests of justice and judicial economy dictated that the two charges be tried together.  Therefore, the Court simply overruled the Defendant's objection and continued the case.

The Defendant also claims that in an interview dated August 3, 2009, he told the authorities that he had been convicted of a felony in 1998.  Since the authorities knew of his conviction through his statement, the Court "improvidently granted" the Government's motion to continue.  The Defendant does not state how such "improvident" continuance is now a basis for dismissing one of the charges against him.  It should be noted, and counsel is well aware, that the discovery materials are not known to the Court and as such cannot form a basis for its decisions.

**The motion to extend the plea deadline.**

The Court will grant this motion for the reasons states therein.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss Count Two of the Superseding Bill of Indictment [Doc. 47] is

hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Extend Plea Deadline [Doc. 48] is hereby **GRANTED** and the Defendant may file a plea agreement on or before December 23, 2009.

Signed: December 22, 2009

Martin Reidinger
United States District Judge